Gabrielli, J.
On asserted grounds of the violation of the due process clause of the United States Constitution and the claim of cruel and unusual punishment during the course of his trial on charges of robbery, first degree and grand larceny, second degree, the defendant seeks to have his convictions on these charges reversed. The trial followed his indictment, along with a codefendant, for having bound, held at gun point and robbed two women in their home.
Defendant’s ground for reversal focuses on the order of the Trial Judge in directing that he be gagged because of disruptive acts committed during the summation of the prosecutor. Following several remonstrances, the court reporter noted that “ (d)efendant Palermo confers with Mr. Evseroff [defendant’s attorney] in audible tone ”, after which the minutes reflect that the following occurred:
“ the court : Just a moment, please. Now there must be absolute silence at the counsel table.
“ defendant Palermo : I can’t talk to my lawyer? He is afraid of me here, I can’t talk to my lawyer. I have to stand here and watch myself be framed?
“ the court: You will be bound and gagged if you continue. Now be quiet.
*224 “ defendant Palermo : I don’t want to sit here and be framed.
“ the court : You will be bound and gagged on one more outburst, Mister, one more.
“ defendant Palermo : You didn’t give me a fair trial throughout the whole thing.
“ the court : Get a gag, will you please?
‘ ‘ defendant Palermo : And you were a graft taker as a lawyer.
‘ ‘ the court : Get a gag, please.
“ defendant Palermo: Get anything you want. I can’t get a fair trial. You don’t give my attorney half a chance.
‘ ‘ the court : Mr. Foreman, Gentlemen of the Jury, please pay no attention.
“defendant Palermo: Pay attention to everything that’s prejudicial. You wouldn’t even let me approach the bench when I wanted to talk to you.
‘ ‘ the court : Gag the defendant.
“ Mr. evseroff : If your Honor please, I respectfully except.
‘ ‘ the court : You have an exception.
“ (Accordingly, Defendant Palermo is gagged.)
“ the court : Now, I will remove that gag if he promises to be absolutely quiet. Counselor, it is your duty to ask him if he will be quiet, or does he prefer to remain gagged.
“ (Mr. Evseroff confers with Defendant Palermo.)
‘ ‘ the court : Is he going to coninue his outbursts, or will he be quiet?
“ mr. evseroff: If your Honor please, I respectfully object to this.
“ the court : You had your objection and your objection is overruled, Mr. Evseroff.
# % *
“mr. evseroff : If your Honor please, I have another application. At this time I respectfully move for a withdrawal of a Juror.
“ the court: Motion is denied.
1 ‘ mr. evseroff : Respectfully except.
‘ ‘ the court : Mr. Evseroff.
‘ ‘ mr. evseroff : Yes, your Honor.
‘1 the court : Will you ask your client if he will be quiet and permit these proceedings to continue or does he intend to make gratuitous statements?
*225 “ (Mr. Evseroff confers with Defendant Palermo.)
“ mb. evseroff : He says, ‘ I’ll be quiet, ’ Judge.
“ the court: All right. Please continue, Mr. Dilorio.” (Assistant District Attorney.)
The gag was then removed and, although it is not expressly stated in the record, it is evident that its use was for no more than a few minutes.
We are, of course, mindful that courts must exercise every reasonable effort to protect against the loss of constitutional rights (Johnson v. Zerbst, 304 U. S. 458, 464), and of a defendant’s right to be free of restraint during trial, in reasonable circumstances (Illinois v. Allen, 397 U. S. 337, rehearing den. 398 U. S. 915). However, we find defendant’s arguments, attacking the constitutionality of the court’s action in directing that the defendant be gagged, without merit. The preservation of order and dignity during a trial is, of course, vital to the proper administration of justice in our courts and this may not be impaired by the contumacious acts of a defendant.
The responsibility of guaranteeing that this atmosphere is maintained rests with the Trial Justice. The court’s duty in relation to the proper means and guidelines to be followed in dealing with defendant committing disruptive acts during trial is governed by Illinois v. Allen (supra), where the Supreme Court concluded that ‘1 trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case.’’ Noting also the absence of a panacea for dealing with disruptive defendants, the court further observed that at least three constitutionally acceptable avenues exist, for dealing with defiant defendants: (1) bind and gag him; (2) cite him for contempt; (3) exclude him from the courtroom (Illinois v. Allen, supra).
It is not difficult to conclude that defendant’s actions constituted disruptive conduct, and, therefore, subjected him to the possibility of sanction (cf. United States v. Seale, 461 F. 2d 345, 371; In re McConnell, 370 U. S. 230, 235, 236; Commonwealth v. Snyder, 443 Pa. 433; People v. Mendola, 2 N Y 2d 270). In view of the warning given the defendant*, the short duration of *226 the gagging, and the prompt removal of the gag upon the defendant’s concession to observe reasonable and responsible court procedures, the trial court did not abuse its discretion in the method used in restoring order to the courtroom. Defendant also attacks the gagging as constitutionally objectionable on the theory that he was deprived of the opportunity to confront his accusers and that his right to communicate with counsel was abridged. It is significant here that defendant was not deprived of his right to counsel during the duration of the gagging. It was removed prior to the resumption of the court proceedings following the disruption. Furthermore, any objection to binding and gagging on the ground that it would carry some stigma of guilt, is not warranted in a situation as this where the jury is cognizant of the reasons for having the defendant restrained (cf. Hernandez v. Beto, 443 F. 2d 634; United States v. Samuel, 431 F. 2d 610; Odell v. Hudspeth, 189 F. 2d 300, cert. den. 342 U. S. 873).
We also take note of the court’s adequate instruction to the jury that they disregard the incident and place no unwarranted inferences on it.
Such matters as court decorum rest clearly in the sound discretion of the trial court (United States v. Roustio, 455 F. 2d 366) and we uphold the exercise of the court’s discretion in this case and add that, wherever practicable, sanctions directed for the maintenance of order should be imposed outside the presence of the jury. Here, the conduct, occurred during a crucial part of the trial and, in the circumstances of the case, the court had the inherent power to act immediately in order to guarantee the preservation of order and the proper continuance of the proceedings (Johnson v. Mississippi, 403 U. S. 212, 214; Mayberry v. Pennsylvania, 400 U. S. 455, 463); and as suggested in Illinois v. Allen (397 U. S. 337, supra) once the goal of preserving order and decorum is achieved, every reasonable effort should he made (as was done here) to minimize the possibility of prejudice.
*227 Defendant’s other contentions are insubstantial and do not rise to the level of error requiring a reversal.
Chief Judge Fuld and Judges Burke, Breitel, Jasen, Jones and Wachtler concur.
Order affirmed.

 The majority in Illinois v. Allen (supra) did not specifically require that a warning be given prior to the imposition of each sanction hut the concurring opinion of Justice Brennah contained dictum that an adequate warning would *226 be required (Illinois v. Allen, 397 U. S. 337, 350). Without deciding the question, it would seem advisable that, where practicable the defendant be warned that his conduct may result in the imposition of court sanctions (see Jones v. State, 11 Md. App. 686, wherein a warning was deemed necessary prior to having the defendant shackled and gagged).