■ The People of the State of New York, Respondent, v Norman Trippett, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered February 24, 1983, convicting him of burglary in the first degree (two counts), robbery in the first degree, robbery in the second degree, assault in the second degree, grand larceny in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

During the course of the trial, the defendant acted in a disruptive manner, culminating in several outbursts which occurred in the presence of the jury. On appeal, the defendant contends that his disruptive conduct prejudicially affected the

jury and that the trial court's refusal to declare a mistrial, following his outbursts, constituted reversible error. We disagree.

In *People v Palermo* (32 NY2d 222, 225), the Court of Appeals stated:

"The preservation of order and dignity during a trial is, of course, vital to the proper administration of justice in our courts and this may not be impaired by the contumacious acts of a defendant.

"The responsibility of guaranteeing that this atmosphere is maintained rests with the Trial Justice. The court's duty in relation to the proper means and guidelines to be followed in dealing with [the] defendant committing disruptive acts during trial is governed by *Illinois* v. *Allen* * * * where the Supreme Court concluded that 'trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case' ".

The trial court, in the instant case, made every effort to minimize the possibility of prejudice by promptly removing the jury from the courtroom at the onset of the defendant's outbursts, and by issuing detailed and elaborate instructions to the jury to strike the incidents from their minds. The evidence adduced at trial overwhelmingly established the defendant's guilt, and the defendant was not entitled to a mistrial predicated upon his own disruptive behavior *(see, People v Nathan,* 110 AD2d 858).

We further find that the sentence imposed upon the defendant was within the statutory limits and was appropriate under the circumstances. We have considered the defendant's remaining contentions and find them to be devoid of merit. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.