■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE ASTACIO, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Kay, J.), rendered October 28, 1981, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated January 29, 1986, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and order are affirmed.

The trial court correctly denied the defendant's motion for a mistrial, made after the defendant, during the testimony of a

prosecution witness, swore at the witness and threw his chair at him. The defendant argues that the jury was irreparably prejudiced by witnessing this outburst. However, this situation was of the defendant's own making and he should not be permitted to benefit from his actions in the absence of irremediable prejudice *(cf., People v Krom,* 91 AD2d 39, 45-46, *affd* 61 NY2d 187). Here, the trial court properly instructed the jury to disregard the incident and base its determination solely on the evidence. There is no indication that the jurors were unable to disregard this event during deliberations, however startling it was when it occurred. Nor did the court abuse its discretion in denying defense counsel's application for a continuance based on his claim that he was too flustered by the outburst to effectively represent the defendant that day. The trial resumed after a three-hour delay, which was an adequate amount of time for defense counsel to regain his composure. The court also properly denied a continuance, in view of the fact that certain prosecution witnesses might have become unavailable if the case had been adjourned. Moreover, the record discloses that defense counsel's representation, at that point and throughout the trial, was more than adequate.

We find no merit to the defendant's claim, raised on his motion pursuant to CPL 440.10, that his trial attorney compromised his interests by any attempt to shield the codefendant from culpability *(cf., People v Macerola,* 47 NY2d 257, 264-265). We have examined the defendant's remaining contentions, including that the sentence imposed was excessive, and find they lack merit. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.