■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY YOUNG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered March 14, 1990, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We do not agree with the defendant's contention that he was unfairly prejudiced when the jury, which was waiting in an adjoining room at the time, overheard the defendant's outburst in the courtroom, and that the trial court improperly denied his subsequent motion for a mistrial. The granting of a mistrial and the methods of dealing with disruptive behavior on the part of the defendant are matters resting in the discretion of the Trial Justice *(see, People v Michael,* 48 NY2d 1, 10; *People v Palermo,* 32 NY2d 222, 225). The Trial Justice in the case at bar interviewed each juror individually in the

presence of counsel, and gave curative instructions. Furthermore, the defendant should not be allowed to benefit from his own contumacious behavior *(see, People v Astacio,* 131 AD2d 686, 687; *People v Trippett,* 121 AD2d 485, 486; *People v Nathan,* 110 AD2d 858).

Nor do we agree that the Trial Justice improperly delegated the decision of whether to restrain the defendant to the captain of the court officers. The defendant's outburst occurred on the record and before the court, such that the Trial Justice was aware of the basis for the decision to handcuff the defendant, and the Trial Justice merely deferred to the court officer's judgment on what precautionary measures were required *(cf., People v Gonzalez,* 115 AD2d 899, 901). This delegation was within the discretion of the Trial Justice in maintaining order *(see, People v Palermo, supra; People v Mendola,* 2 NY2d 270, 275). Furthermore, the defendant was not unfairly prejudiced by his appearance before the jury in handcuffs, as the Trial Justice was sensitive to the importance of minimizing the visibility of the restraints *(see, People v Tedesco,* 143 AD2d 155, 159). While the Trial Justice did not give curative instructions regarding the significance of the restraints *(see, People v Mixon,* 120 AD2d 861, 862), the court was under no duty to do so, as the defendant did not make a request for such instructions *(see, People v Rouse,* 79 NY2d 934). Mangano, P. J., Thompson, Lawrence and Santucci, JJ., concur.