■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE WHITE, Appellant. [606 NYS2d 49] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feinberg, J.), rendered April 20, 1992, convicting him of escape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the defendant's trial on a charge of escape in the

first degree, the defendant, in the presence of the jury, fled from the courtroom as the People's last witness was being called to the stand.

We find no merit to the defendant's contention that the trial court improvidently exercised its discretion in denying his application for a mistrial based on his flight. The granting of a mistrial and the methods of dealing with disruptive behavior on the part of the defendant rests in the discretion of the trial court (see, People v Michael, 48 NY2d 1; People v Young, 185 AD2d 369). Moreover, this Court has often held that a defendant should not be permitted to benefit from his own disruptive or "contumacious" behavior absent irremedial prejudice (see, People v Young, supra, at 370; People v Tedesco, 143 AD2d 155; People v Astacio, 131 AD2d 686; People v Trippett, 121 AD2d 485, 486; People v Palermo, 32 NY2d 222; People v Nathan, 110 AD2d 858). In this case, the defendant's flight from the courtroom constituted "contumacious" behavior and should not entitle him to a mistrial (see, e.g., United States v Chaussee, 536 F2d 637; see also, People v Gomez, 41 Cal 2d 150, 258 P2d 825). Moreover, the trial court minimized the likelihood of prejudice by having the jury promptly escorted from the courtroom. After the trial resumed, the trial court admonished the jurors to keep an open mind before excusing them for the day.

We have examined the defendant's remaining contentions and find that they are upreserved for appellate review and, in any event, are without merit. Sullivan, J. P., O'Brien, Ritter and Joy, JJ., concur.