■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM JOYNER, Appellant. [755 NYS2d 866] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 6, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A defendant's right to be present during trial is not absolute. The defendant may be removed from the courtroom if, after being warned by the trial court, the disruptive conduct continues (*see* CPL 260.20; *Illinois v Allen,* 397 US 337, 338 [1970]; *People v Sanchez,* 65 NY2d 436, 444 [1985]; *People v Robinson,* 285 AD2d 478 [2001]). Under the circumstances of this case, the court's removal of the defendant from the courtroom after repeated warnings and renewed opportunities to be present, was proper (*see People v Johnson,* 37 NY2d 778 [1975]; *People v Epps,* 37 NY2d 343, 349 [1975], *cert denied* 423 US 999 [1975]; *People v Jones,* 288 AD2d 107 [2001]; *People v Davis,* 270 AD2d 162 [2000]; *People v Gloster,* 175 AD2d 258 [1991]; *People v Cornelius,* 107 AD2d 757 [1985]).

The defendant's contention that Penal Law § 125.25 (2) is unconstitutionally vague is without merit (*see People v Johnson,* 87 NY2d 357, 361 [1996]; *People v Cole,* 85 NY2d 990, 992 [1995]; *cf. People v Sanchez,* 98 NY2d 373, 384 [2002]). A contrary ruling by the United States District Court for the Southern District of New York (*Jones v Keane,* NYLJ, June 7, 2002, at 25, col 3) is not binding on this Court (*see Matter of DeBellis v Property Clerk of City of N.Y.,* 79 NY2d 49, 57 [1992]; *People v Brown,* 235 AD2d 344 [1997]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Goldstein, J.P., Adams, Townes and Crane, JJ., concur.