■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON RIVAS, Appellant. [762 NYS2d 34] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered November 20, 2000, convicting defendant, after a jury trial, of attempted murder in the second degree, robbery in the first degree and assault in the first degree, and sentencing him to concurrent terms of 15 years, unanimously reversed, on the law, and the matter remanded for new trial.

Although we reject the other arguments raised by defendant (*see People v Cordero*, 306 AD2d 9 [2003] [decided herewith]), we hold that reversal and retrial of defendant Rivas are necessitated by the court's removal of him from the courtroom prior to the reading of the verdict.

After the jury delivered the verdict as to codefendant Angel Cordero, finding him guilty on all counts, defendant Ramon Rivas spoke out, saying "You got a witness right here. You got the murder's [sic] wife." The court properly admonished him immediately: "If you don't be quiet, I'm going to remove you from the courtroom. It's that simple." Codefendant Cordero then spoke out: "The murder's wife is right there." Despite the court's immediate admonishment, Cordero interjected comments two more times. At this point, the court directed the removal of both defendants from the courtroom, and took the verdict as to Ramon Rivas in his absence. Rivas was found guilty on all three counts.

At defendants' sentencing, the court recalled the incident and explained that: "At that point, there was, in my opinion, pandemonium and chaos in the courtroom * * * there must have been at least fifteen to twenty members of the defendant's friends and family sitting in the courtroom, not the least of which was their mother * * *. At that point, members of the family and friends were shouting from the courtroom. The court reporter did not take that, she was unable to get that. In my opinion, the defendants caused a rather dangerous and explosive situation by their questioning of the verdict, by their family and friends rising up in the courtroom."

Notwithstanding the explanation provided by the trial court, defendant Rivas is correct in arguing that he was improperly deprived of his right to be present at a material stage of his trial by his removal from the courtroom before the verdict was rendered, in view of his adherence to the court's warning.

Defendant's right in this regard is both constitutional and statutory. A criminal defendant's fundamental right to be present at all "material stages" of a trial (*see People v Dokes*, 79 NY2d 656 [1992]; *People v Velasco*, 77 NY2d 469 [1991]; *People v Sprowal*, 84 NY2d 113, 116-117 [1994]) has long been held to include the rendering of the verdict (*see People v Williams*, 186 AD2d 161 [1992]; *People v Williams*, 85 NY2d 945, 947 [1995]). While this fundamental right may be forfeited by disruptive conduct, the court must first provide the defendant with a warning that any further outburst will result in removal from the courtroom (*see Illinois v Allen*, 397 US 337, 343 [1970]; *People v Parker*, 57 NY2d 136, 139-140 [1982]).

Even absent this constitutional right, defendant's rights under our State statute are definitive. CPL 260.20 only permits removal from the courtroom of a disorderly and disruptive defendant during trial "*if*, after he has been warned by the court that he will be removed if he continues such conduct, he

continues to engage in such conduct" (emphasis added). The Court of Appeals has explained that the term "trial" for purposes of this statute includes "receiving and recording the verdict" (*see People v Morales*, 80 NY2d 450, 455-456 [1992], quoting *Maurer v People*, 43 NY 1, 3 [1870]).

While the removal of defendant Cordero was certainly warranted, as would have been the removal of those family and friends who created "pandemonium," there is no indication in the record, or even in the court's later recitation of the events, that Rivas himself participated in any further disruption after he was warned to be quiet.

Finally, nothing in the record supports the People's assertion that the two defendants shared the type of "community of purpose" found in *People v Allah* (71 NY2d 830, 832 [1988]) in disrupting the court's proceedings.

Defendant's challenge to the court's reasonable doubt charge is unpreserved, and we decline to review it in the interest of justice. However, since there is to be a retrial, we would caution the court to employ the standard reasonable doubt charge (*see* CJI2d [NY] Presumption of Innocence, Burden of Proof, Reasonable Doubt). Concur—Tom, J.P., Saxe, Williams, Lerner and Marlow, JJ.