■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHANTI WILKINS, Appellant. [822 NYS2d 271]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered February 27, 2003, convicting defendant, after a jury trial, of robbery in the first degree (four counts), robbery in the second degree and criminal possession of a weapon in the second degree (two counts), and sentencing him, as a second vi-

olent felony offender, to an aggregate term of 25 years, unanimously affirmed.

Defendant forfeited his statutory and constitutional right to be present during the rendition of the verdict. The court properly exercised its discretion in removing him from the courtroom, and we conclude that under the particular circumstances of this case the court was not obligated to warn him that his continued disruptive conduct would result in his removal. After the foreperson announced the jury's guilty verdict as to the first two counts, defendant suddenly charged across the floor and attempted to attack the prosecutor, in close proximity to the jurors. Defendant had to be restrained by numerous court officers, some of whom were injured in the violent struggle. After the officers succeeded in removing defendant, the court accepted the remainder of the jury's verdict in his absence.

The Court of Appeals has observed, in dictum, that "it would seem advisable that, *where practicable* the defendant be warned that his conduct may result in the imposition of court sanctions" (*People v Palermo,* 32 NY2d 222, 226 [1973] [emphasis added]), and we recognize that normally a defendant should not be removed unless he or she has persisted in disruptive conduct after being warned that such conduct will lead to removal (*see* CPL 260.20; *Illinois v Allen,* 397 US 337, 343 [1970]; *People v Rivas,* 306 AD2d 10, 11-12 [2003]). However, "even absent a warning, a defendant may be found to have forfeited certain trial-related constitutional rights based on certain types of misconduct" (*Gilchrist v O'Keefe,* 260 F3d 87, 97 [2d Cir 2001], *cert denied* 535 US 1064 [2002]; *see also Franco v Costello,* 322 F Supp 2d 474, 477 [SD NY 2004]).

Here, defendant's violent behavior in the courtroom went far beyond mere disruption, and created an emergency necessitating his immediate removal. Under the circumstances, the court had no practical opportunity to issue a verbal warning that defendant would be removed if he continued to engage in such conduct, and it appears that such a warning would have served no purpose. We agree with the Michigan Court of Appeals that "where the nature of a defendant's disruption consists of violence toward another person, we are reluctant to hold that the defendant must first be warned before being removed. Defendant should not be permitted 'one free swing' " (*People v Staffney,* 187 Mich App 660, 665, 468 NW2d 238, 240 [1990]; *accord State v Fletcher,* 252 Ga 498, 500, 314 SE2d 888, 890 [1984]; *State v Rowe,* 33 NC App 611, 613, 235 SE2d 873, 875 [1977], *review denied and appeal dismissed* 293 NC 364, 237 SE2d 851

[1977]). We conclude that the court had no practical alternative except to remove defendant immediately and take the remainder of the verdict without him.

The court properly denied defendant's motion to suppress statements. Nothing occurred that obligated the police to readminister *Miranda* warnings following a break in the interrogation (*see e.g. People v Dudley*, 31 AD3d 264 [2006]).

Defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Mazzarelli, Williams, Gonzalez and Sweeny, JJ.