■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEILA DAVALLOO, Appellant. [833 NYS2d 576]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Dickerson, J.), rendered April 20, 2004, convicting her of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, she was not deprived of the effective assistance of counsel (*see People v Berroa,* 99 NY2d 134, 138 [2002]; *People v Henry,* 95 NY2d 563, 565 [2000]; *People v Benevento,* 91 NY2d 708, 712 [1998]). Trial counsel's determination to pursue a lack of intent defense over an insanity defense was a legitimate trial strategy under the circumstances. Eliciting favorable testimony from the defendant's husband, who survived the attempt on his life, and expert psychiatric evidence, trial counsel pursued the chosen line of defense capably, forcefully and thoroughly. That the defendant's trial strategy ultimately proved unsuccessful does not mean that she was not provided with "meaningful representation" (*see People v Berroa, supra; People. v Benevento, supra*).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's contentions that the prosecutor improperly elicited propensity evidence, improperly failed to disclose certain tape recordings (*see* CPL 240.20), and violated her constitutional right to confrontation, are unpreserved for appellate review (*see* CPL 470.05 [2]).

The defendant's remaining contentions are without merit. Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.