■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY HENDRIX, Appellant. [883 NYS2d 534]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 11, 2006, as amended by a judgment of the same court rendered May 31, 2006, convicting him of murder in the first degree (two counts), kidnapping in the first degree (two counts), rape in the first degree, and sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The right to be present in the courtroom during one's trial is one of the most basic rights guaranteed by the Federal and New York Constitutions, and by state law (see US Const 6th Amend; NY Const, art I, § 6; CPL 260.20, 340.50; *Illinois v Allen*, 397 US 337, 338 [1970]; *People v Williams*, 85 NY2d 945, 947 [1995]; *People v Parker*, 57 NY2d 136 [1982]). However, that right may be waived (see *People v Parker*, 57 NY2d at 139), and a defendant may forfeit his right to be present when his conduct "unambiguously indicates a defiance of the processes of law and it disrupts the trial after all parties are assembled and ready to proceed" (*People v Sanchez*, 65 NY2d 436, 444 [1985]).

At the first jury trial of the defendant and his codefendant, while the jury was exiting the courtroom, the defendant suddenly leapt onto the defense table, and proceeded towards the bench. A court officer intercepted the defendant and a struggle ensued. The Supreme Court observed the defendant and the codefendant to be in possession of two handmade knives. During the struggle, the defendant attempted to gain possession of a court officer's firearm. Meanwhile, the codefendant, who was armed, struck his own counsel in the face, causing injury. A

number of court officers were injured during the melee. After the trial court granted a mistrial, the defendant, over his counsel's objection, was excluded from the second jury trial.

Contrary to the defendant's contention, the Supreme Court properly determined that he forfeited his statutory and constitutional rights to be present at his trial. The Supreme Court providently exercised its discretion in directing that he was to participate in his trial through the use of audio and video transmissions. Considering, among other things, the violent nature of a defendant's conduct, the Supreme Court was not obligated to afford the defendant an opportunity to attend the second trial with a warning that any disruptive conduct would result in his removal from the courtroom (*see People v Wilkins*, 33 AD3d 409, 410 [2006]; *see also Lettley v Walsh*, 2007 WL 4590019, 2007 US Dist LEXIS 93510 [ED NY 2007]). Mastro, J.P., Florio, Eng and Leventhal, JJ., concur. [*See* 12 Misc 3d 447.]