THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMOND MITCHELL, Appellant. [894 NYS2d 60]—

A defendant's right to be present in the courtroom during his or her trial is one of the most basic rights guaranteed by the Federal and New York Constitutions, and by statute (*see* US Const, 6th Amend; NY Const, art I, § 6; CPL 260.20, 340.50; *Illinois v Allen*, 397 US 337, 338 [1970]; *People v Parker*, 57 NY2d 136 [1982]; *People v Hendrix*, 63 AD3d 958 [2009], *lv denied* 13 NY3d 797 [2009]). However, that right may be waived (*see People v Parker*, 57 NY2d at 139), and a defendant may forfeit his right to be present when his conduct "unambiguously indicates a defiance of the processes of law and it disrupts the trial after all parties are assembled and ready to proceed" (*People v Sanchez*, 65 NY2d 436, 444 [1985]; *see People v Hendrix*, 63 AD3d 958 [2009]).

At the defendant's first trial, he was removed from the

courtroom due to his outbursts, but he was permitted to return after promising to refrain from such outbursts. A mistrial was subsequently declared for unrelated reasons. During his second trial, and despite extensive warnings by the court prior to voir dire of the jury, the defendant again engaged in disruptive behavior, including stating to the jury that his coperpetrator had made a statement that exculpated him, claiming that he was not permitted to show the jury this statement, and producing a piece of paper.

The Supreme Court subsequently removed the defendant from the courtroom and directed that he was to participate in the remainder of his trial, which included summations, the jury charge, deliberations, and the verdict, through the use of audio transmissions and discussions with defense counsel. Prior to his removal, the defendant was given repeated admonitions and warnings by the Supreme Court as well as defense counsel. The defendant was permitted to return to the courtroom for sentencing.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in removing the defendant from the courtroom and directing that he was to participate in the remainder of his trial through the use of audio transmissions and discussions with defense counsel because the defendant, by his conduct, forfeited his right to be present at his trial (see *People v Hendrix*, 63 AD3d 958 [2009]; *People v Sanchez*, 7 AD3d 645 [2004]; *People v Arias*, 303 AD2d 592 [2003]; *People v Joyner*, 303 AD2d 421 [2003]; *People v Sherrod*, 270 AD2d 366 [2000]).

The defendant's argument that curative instructions given by the court after his removal were improper is unpreserved for appellate review (see CPL 470.05 [2]), and, in any event, without merit.

In light of our determination that the defendant forfeited his right to be present in the courtroom during his trial, the defendant's contention that he did not waive his right to be present is academic. Rivera, J.P., Leventhal, Belen and Austin, JJ., concur.