■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAYSON PEARSON, Appellant. [911 NYS2d 432]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 11, 2006, as amended May 31, 2006, convicting him of murder in the first degree (two counts), kidnapping in the first degree (two counts), rape in the first degree (two counts), and sodomy in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

At a prior trial which ended in a mistrial, the defendant and his codefendant, armed with homemade knives, engaged in an outburst, during which the codefendant attempted to gain possession of a court officer's firearm, and the defendant struck his counsel in the face, causing his counsel injury (*see People v Hendrix*, 63 AD3d 958 [2009]). On the codefendant's motion, to which the defendant did not object, the trial court declared a mistrial. Under the circumstances, the defendant's consent to a mistrial may be implied (*see People v Ferguson*, 67 NY2d 383, 388-389 [1986]; *People v Hawkins*, 228 AD2d 450, 451 [1996]). In any event, the record demonstrates that the trial court's decision to declare a mistrial was supported by a manifest necessity and, thus, would have been proper even over the defendant's objection (*see People v Michael*, 48 NY2d 1, 10 [1979]; *People v Blunt*, 273 AD2d 146 [2000]; *People v Hamilton*, 255 AD2d 395, 395-396 [1998]).

Further, the defendant, by his conduct, forfeited the right to be present and to represent himself at his second trial (*see People v Hendrix*, 63 AD3d at 958; *People v Gilbo*, 52 AD3d 952,

955 [2008]). Accordingly, his application for leave to proceed pro se was properly denied.

The defendant's claim that the trial justice should have recused himself from the second trial is unpreserved for appellate review, and, in any event, is without merit (*see People v Doyle*, 15 AD3d 674, 675 [2005]).

The defendant's remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Angiolillo, Roman and Sgroi, JJ., concur.