■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RHASHAWN PERCER, Appellant. [934 NYS2d 319]—

Where, as here, the purported contempt was committed within the immediate view and presence of the court and was punished summarily, review must be had under CPLR article 78 and not by way of direct appeal (*see* Judiciary Law §§ 752, 755; *Matter of Julie G. v Yu-Jen G.*, 81 AD3d 1079 [2011]; *Matter of Kelly v Kelly*, 34 AD3d 809 [2006]). Therefore, the appeal from the order must be dismissed.

The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the factual adequacy of his plea allocution (*see People v Chavez*, 71 AD3d 781 [2010]).

Contrary to the defendant's contention, the sentencing court did not improvidently exercise its discretion in denying, without a hearing, his pro se application to withdraw his plea of guilty (*see People v Perez*, 83 AD3d 738 [2011]).

In addition, there is no merit to the defendant's contention that the sentencing court erred in denying his request to relieve his appointed counsel and to substitute new counsel. The defendant's request "was not sufficiently specific to require a minimal inquiry by the court, and certainly did not warrant a grant of his motion" (*People v Porto*, 16 NY3d 93, 101 [2010]).

The defendant also contends that the sentencing court erred in sentencing him in absentia. The right to be present in the courtroom during one's trial is one of the most basic rights guaranteed by the Federal and New York Constitutions, and by state law (*see* US Const 6th Amend; NY Const, art I, § 6; CPL 260.20, 340.50; *Illinois v Allen*, 397 US 337, 338 [1970]; *People v Williams*, 85 NY2d 945, 947 [1995]; *People v Parker*, 57 NY2d 136 [1982]; *see also* CPL 380.40 [1]). However, that right may be waived (*see People v.Parker*, 57 NY2d at 139), and a defendant may forfeit his right to be present when his conduct "unambiguously indicates a defiance of the processes of law and it disrupts the trial after all parties are assembled and ready to proceed" (*People v Sanchez*, 65 NY2d 436, 444 [1985]; *see People v Mitchell*, 69 AD3d 761 [2010]; *People v Hendrix*, 63 AD3d 958 [2009]). Considering the defendant's obstreperous and disruptive behavior during sentencing, he forfeited his statutory and constitutional rights to be present, and the sentencing court providently exercised its discretion in sentencing him in absentia (*see People v Potter*, 294 AD2d 603 [2002]; *People v Curtis*, 286 AD2d 900 [2001]). Rivera, J.P., Leventhal, Roman and Sgroi, JJ., concur.