■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIEN BURTON, Appellant. [30 NYS3d 182]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered December 5, 2013, convicting him of criminal possession of a weapon in the second degree (two counts), assault in the second degree, assault in the third degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The People alleged that on April 20, 2012, the defendant fired a handgun at the complainant, striking him in the foot. The defendant proceeded to trial on charges of, inter alia, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, assault in the second degree, assault in the third degree, and reckless endangerment in the first degree.

Prior to the jury charge, the trial court indicated that anyone wishing to leave the courtroom should do so before the court began its instructions. The defendant, in the presence of the jury, remarked, "I would like to leave," to which the court responded, "I bet you would." After the People indicated that they were ready to proceed, the defendant repeated, three times, "This is not a fair trial," and also stated that he was "incarcerated." The court struck the defendant's remarks from the record, and instructed a court officer, "If he speaks again, officer, do what you need to do." The court proceeded to deliver its charge, but was interrupted by the defendant. The transcript reflects the following exchange, which ultimately led to the defendant's removal from the courtroom:

"THE DEFENDANT: I have been violated by my 6th Amend—

"THE SERGEANT: Sit down.

"THE DEFENDANT: They have incarcerated me 17, 18, months. They won't call none of my witnesses. [18] months I've been incarcerated, violated my 6th and 8th and 14th Amendment of due process.

"(Defendant removed from the courtroom.)"

The trial court continued with the charge in the defendant's absence. After the court finished instructing the jury, the defendant was permitted to return to the courtroom, and defense counsel moved for a mistrial based, inter alia, on "the procedure employed by the Court" in having the defendant "escorted out in handcuffs rather than excusing the jury and admonishing [the defendant] and giving him an opportunity to compose himself and be present during the jury charge." The court denied defense counsel's motion. Following deliberations, the jury found the defendant guilty of two counts of criminal possession of a weapon in the second degree, assault in the second degree, assault in the third degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree. The defendant appeals from the judgment of conviction, and we reverse.

Initially, the defendant's contention that he was prejudiced by the People's failure to properly disclose certain recordings of telephone calls the defendant made while incarcerated is unpreserved for appellate review (see *People v Davalloo*, 39 AD3d 559, 560 [2007]) and, in any event, without merit.

Nevertheless, reversal and a new trial are required based upon the trial court's error in removing the defendant from the courtroom without first issuing a warning.

A defendant has a "fundamental constitutional right to be present at all material stages of a trial," including "the court's charge, admonishments and instructions to the jury" (*People v Rivera*, 23 NY3d 827, 831 [2014]; *see People v Harris*, 76 NY2d 810, 812 [1990]; *People v Mehmedi*, 69 NY2d 759, 760 [1987]). However, "[a] defendant's right to be present during trial is not absolute," and "[t]he defendant may be removed from the courtroom if, after being warned by the trial court, the disruptive conduct continues" (*People v Joyner*, 303 AD2d 421, 421 [2003]; *see Illinois v Allen*, 397 US 337, 343 [1970]; *People v Rivas*, 306 AD2d 10, 11 [2003]; *People v Connor*, 137 AD2d 546, 549 [1988]). CPL 260.20 provides, in relevant part, "that a defendant who conducts himself in so disorderly and disruptive a

manner that his trial cannot be carried on with him in the courtroom may be removed from the courtroom if, after he has been warned by the court that he will be removed if he continues such conduct, he continues to engage in such conduct."

In the present case, the trial court erred in removing the defendant from the courtroom without first warning him that he would be removed if he continued his disruptive behavior (*cf. People v Sanchez*, 7 AD3d 645, 646 [2004]; *People v Joyner*, 303 AD2d at 421). Contrary to the People's contention, the court's statement to the court officer that, "If he speaks again, officer, do what you need to do," did not constitute a sufficient warning. This statement was not directed to the defendant, and failed to adequately inform him of the "potential consequences which might result from his continued disruptive behavior" (*People v Connor*, 137 AD2d at 549). Furthermore, while the defendant's conduct was clearly disruptive, it was not violent in nature, and did not "create[ ] an emergency necessitating his immediate removal" where "the court had no practical opportunity to issue a verbal warning that [the] defendant would be removed if he continued to engage in such conduct" (*People v Wilkins*, 33 AD3d 409, 410 [2006]; *see People v Hendrix*, 63 AD3d 958, 959 [2009]).

Accordingly, under the circumstances, the judgment must be reversed, and a new trial ordered.

We note that the contentions set forth in the defendant's motion pursuant to CPL 440.10 are not properly before this Court on the appeal from the judgment of conviction, and the defendant did not seek leave to appeal from the order denying the motion (*see People v Fontanet*, 126 AD3d 723, 723 [2015]; *People v Washington*, 45 AD3d 880, 881 [2007]; *People v Wynn*, 40 AD3d 893, 893 [2007]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit or need not be reached in light of our determination. Eng, P.J., Chambers, Roman and Barros, JJ., concur.