People v Diggs (2019 NY Slip Op 08892)





People v Diggs


2019 NY Slip Op 08892


Decided on December 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 12, 2019

109410

[*1]The People of the State of New York, Respondent,
v
Carlos Diggs, Appellant.

Calendar Date: November 13, 2019

Before: Mulvey, J.P., Devine, Aarons and Pritzker, JJ.


Erin C. Morigerato, Albany, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Mulvey, J.P.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered March 31, 2017, convicting defendant upon his plea of guilty of the crimes of aggravated criminal contempt, criminal contempt in the first degree and aggravated family offense.
Defendant pleaded guilty to aggravated criminal contempt, criminal contempt in the first degree and aggravated family offense in full satisfaction of three indictments and approximately 50 uncharged crimes, and waived his right to appeal. County Court denied defendant's multiple requests for new counsel, as well as defendant's pro se motion to withdraw his guilty plea on the grounds that, among other things, he was innocent and did not receive meaningful assistance from defense counsel as a result of a personal conflict between him and defense counsel.[FN1] Thereafter, consistent with the plea agreement, County Court sentenced defendant, as a second felony offender, to consecutive prison terms of 3½ to 7 years on the aggravated contempt conviction, 2 to 4 years on the criminal contempt in the first degree conviction and 1½ to 3 years on the aggravated family offense conviction. In addition, on three separate occasions during the sentencing proceeding, the court found defendant guilty of criminal contempt of court and imposed fines totaling $3,000. Defendant appeals.
We affirm. Initially, we find without merit defendant's contention that the waiver of the right to appeal is invalid. The record reflects that, after sufficiently setting forth the rights automatically forfeited by the guilty plea, County Court explained that the appeal waiver was separate and distinct from those trial-related rights, and defendant affirmed his understanding thereof (see People v Thacker, 173 AD3d 1360, 1360-1361 [2019], lv denied 34 NY3d 938 [2019]; People v Tucker, 164 AD3d 948, 949 [2018]). Additionally, during the plea proceeding, defendant conferred with counsel and then executed a detailed appeal waiver in open court, acknowledging that he had no questions about the document and understood its contents (see People v Jawan, 165 AD3d 1350, 1350 [2018], lv denied 32 NY3d 1173 [2019]). Contrary to defendant's contention, we find that the record demonstrates that defendant understood and voluntarily waived his right to appeal his conviction and sentence (see People v Thacker, 173 AD3d at 1361; People v White, 172 AD3d 1822, 1823 [2019], lv denied 33 NY3d 1110 [2019]; People v Tucker, 164 AD3d at 949).
We are unpersuaded by defendant's challenge to the voluntariness of the plea and the related claim that County Court erred in denying his motion to withdraw his guilty plea. In support of his motion to withdraw his plea, defendant asserted that he was innocent and failed to receive the effective assistance of counsel due to a personal conflict with defense counsel. The record, as noted by the court, clearly and unequivocally belied defendant's contentions. During the plea colloquy, defendant acknowledged that he understood the proceedings, that he had sufficient time to discuss the plea with defense counsel and was satisfied with her representation, that he was not being threatened, coerced or forced into pleading guilty and that he was doing so because he was, in fact, guilty of the charged conduct. Defendant failed to offer any further support for his generalized grounds seeking to withdraw his plea, notwithstanding inquiry by the court. Under these circumstances, defendant's allegations and unsupported claim of innocence did not undermine the voluntariness of his plea (see People v Palmer, 174 AD3d 1118, 1119 [2019]; People v Pittman, 166 AD3d 1243, 1245 [2018], lv denied 32 NY3d 1176 [2019]). Further, in the absence of sufficient "evidence of innocence, fraud or mistake in the inducement," County Court did not abuse its discretion in denying defendant's motion to withdraw his plea (People v Palmer, 174 AD3d at 1119; accord People v Burks, 172 AD3d 1640, 1641 [2019], lv denied 33 NY3d 1102 [2019]; People v Nealon, 166 AD3d 1225, 1226 [2018]). Defendant's remaining challenges to the voluntariness of the plea, including that he was coerced into pleading guilty by the threat of a harsher sentence, are unpreserved for our review in light of his failure to move to withdraw the plea on those grounds (see People v Chaires, 150 AD3d 1326, 1327 [2017], lv denied 29 NY3d 1124 [2017]).
To the extent that defendant contends that the sentence was harsh and excessive, this challenge is precluded by his valid appeal waiver (see People v Snare, 174 AD3d 1222, 1223 [2019], lv denied ___ NY3d ___ [Oct. 25, 2019]; People v Clerveau, 174 AD3d 1066, 1068 [2019], lv denied 34 NY3d 949 [2019]). Finally, defendant's challenge to the multiple findings of contempt purportedly committed during the sentencing proceeding within the immediate view and in the presence of County Court is reviewable by a proceeding pursuant to CPLR article 78, not upon direct appeal (see Judiciary Law §§ 752, 755; People v Percer, 90 AD3d 789, 790 [2011], lv denied 19 NY3d 1104 [2012]).
Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although defendant also asserted as a basis to withdraw his plea that he had received an anonymous letter threatening to hurt his children and their mother, on appeal he does not challenge the denial of his motion to withdraw his plea on this basis.