People v Antoine (2020 NY Slip Op 07907)





People v Antoine


2020 NY Slip Op 07907


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2017-03402
 (Ind. No. 8114/15)

[*1]The People of the State of New York, respondent,
v
Markens Antoine, appellant.


Paul Skip Laisure, New York, NY (Alice R.B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered February 16, 2017, as amended March 6, 2017, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The People allege that on August 2, 2014, the defendant fired a gun at the complainant, striking him in the abdomen. The defendant proceeded to trial on charges of, inter alia, attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree.
After the jury foreperson announced "guilty" on the final charge (count 4) of criminal possession of a weapon in the second degree, the clerk proceeded to read back the verdict in order to inquire collectively of the jurors whether such was their verdict (see CPL 310.80). Before the jurors could respond, the defendant disrupted the proceeding by using profanity and declaring his innocence. The trial court immediately directed that the court officers remove the defendant from the courtroom. The defendant repeated his protestation and again the court directed that he be removed from the courtroom. Three more times the defendant either proclaimed his innocence or uttered a one-word profanity, and in each instance the court responded by directing that the defendant be removed from the courtroom. At some point during the foregoing exchanges, the defendant was apparently removed from the courtroom. The clerk read the verdict again, and made the requisite inquiry, to which the jurors responded. The defendant's counsel thereafter requested that the jury be polled (see CPL 310.80). The jury was polled and the verdict was entered.
The defendant argues on appeal that the trial court erred in removing him from the courtroom without first issuing a warning. We agree.
A criminal defendant's right to be present at all material stages of trial is [*2]encompassed within the confrontation clauses of the Federal and State Constitutions (see US Const 6th, 14th Amend; NY Const, art I, § 6) and the New York Criminal Procedure Law (see CPL 260.20). The defendant's outbursts and removal from the courtroom occurred during a material stage of the trial, as the jury had not yet been polled and the verdict had therefore not yet been entered (see CPL 310.80; Duffy v Vogel, 12 NY3d 169, 174; People v Williams, 85 NY2d 945, 947; People v Horne, 284 AD2d 986, affd 97 NY2d 404). However, "[a] defendant's right to be present during trial is not absolute," and "[t]he defendant may be removed from the courtroom if, after being warned by the trial court, the disruptive conduct continues" (People v Burton, 138 AD3d 882, 883 [internal quotation marks omitted]). CPL 260.20 provides, in relevant part, that "a defendant who conducts himself [or herself] in so disorderly and disruptive a manner that his [or her] trial cannot be carried on with him [or her] in the courtroom may be removed from the courtroom if, after he [or she] has been warned by the court that he [or she] will be removed if he [or she] continues such conduct, he [or she] continues to engage in such conduct." Our statutory and decisional authorities therefore require the court to issue a warning to a disruptive defendant as a condition to the ultimate removal of the defendant from a trial.
Here, the trial court erred in removing the defendant from the courtroom without first warning him that he would be removed if he continued his disruptive behavior. Contrary to the People's contention, the court's repeated directions to the court officers to remove the defendant from the courtroom did not constitute a sufficient warning (see People v Burton, 138 AD3d at 884; People v Connor, 137 AD2d 546, 549-550). The requirement that the court issue a warning must be satisfied by the court itself, and not by any inference drawn in the mind of the defendant that his directed removal from the courtroom is, in effect, a warning.
Furthermore, while the defendant's conduct was clearly disruptive and inappropriate, there is no indication that it was violent in nature, or "created an emergency necessitating his immediate removal" where "the court had no practical opportunity to issue a verbal warning that [the] defendant would be removed if he continued to engage in such conduct" (People v Wilkins, 33 AD3d 409, 410; see People v Hendrix, 63 AD3d 958, 959). In Wilkins, the defendant needed to be restrained, because he physically charged across the floor to attack the prosecutor in close proximity to the jurors (see People v Wilkins, 33 AD3d at 410). In Hendrix, the defendant leapt onto the defense table and physically charged the bench (see People v Hendrix, 63 AD3d at 958-959). We agree that there may be emergency circumstances, such as those which occurred in Wilkins and Hendrix, where there is no practical value to, or opportunity for, the issuance of a warning that a defendant cease disruptive behavior. Here, however, the defendant engaged in mere verbal one-word and one-sentence outbursts. The trial court ordered the defendant's removal from the courtroom after the first outburst, with no warning upon that or any later occasion to cease the disruptive behavior, and there was nothing in the record to indicate that the circumstances were extraordinary or presented any risk to any person. Therefore, the removal of the defendant from the courtroom without a prior warning, while the trial was still in a material stage, constitutes reversible error.
The People's contentions that the defendant's claim of an improper removal from the courtroom is dehors the record and that the issue is subject to both the preservation rule and harmless error analysis are without merit (see People v Rivera, 23 NY3d 827, 831; People v Mehmedi, 69 NY2d 759, 760; People v Williams, 186 AD2d 161, 163; People v Connor, 137 AD2d 546, 548).
The defendant's remaining contentions need not be reached in light of our determination.
Accordingly, under the circumstances, the trial court should have issued the requisite warning prior to removing the defendant from the courtroom. As a result, the judgment, as amended, must be reversed, and a new trial conducted.
DILLON, HINDS-RADIX and DUFFY, JJ., concur.
MALTESE, J., dissents, and votes to affirm the judgment, as amended, with the following memorandum, in which RIVERA, J.P., concurs:
On August 2, 2014, the defendant shot the complainant in the abdomen during an altercation. The defendant eventually was arrested and proceeded to trial on charges of, inter alia, attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree.
After the jury reached a verdict, the foreperson announced the verdict as follows:
"THE CLERK: Will the foreperson please rise. In the matter of the People of the State of New York versus Markens Antoine, has the jury agreed upon a unanimous verdict?
"THE FOREPERSON: Yes, we have.
"THE CLERK: As to count 1, Attempted Murder in the Second Degree, what is your verdict?
"THE FOREPERSON: Guilty.
. . .
"THE CLERK: As to count 2, Assault in the First Degree, what is your verdict?
"THE FOREPERSON: Guilty.
"THE CLERK: As to count 4, Criminal Possession of a Weapon in the Second Degree, what is your verdict?
"THE FOREPERSON: Guilty.
"THE CLERK: Madam Foreperson, you may be seated. Members of the jury, hear your verdict as it stands recorded. You say you find the defendant guilty of count 1, Attempted Murder in the Second Degree . . ."
Before the clerk could finish speaking and before the jurors could respond, the defendant disrupted the proceeding with the following series of outbursts:
"THE DEFENDANT: Man, I didn't fucking do it.
"THE COURT: Okay, please take the defendant out.
"THE DEFENDANT: You all get this fucking guilty, I didn't do it.
"THE COURT: Please take the defendant out.
"THE DEFENDANT: They jumped the other guy, he shot him, man.
"THE COURT: Please take the defendant out, Officers. Thank you.
"THE DEFENDANT: Fuck.
"THE COURT: Please take the defendant out.
"THE DEFENDANT: You all got—I didn't do it, man.
"THE COURT: Take the defendant out, please.
"THE DEFENDANT: Fuck.
"THE CLERK: Members of the jury, hear your verdict as it stands recorded. You say you find the defendant guilty of count 1, Attempted Murder in the Second Degree; guilty of count 2, Assault in the First Degree; guilty of count 4, Criminal Possession of a Weapon in the Second Degree, members of the jury, is this your verdict, and so say you all?
"(Jurors respond.)
"THE CLERK: Do the attorneys request a poll of the jury?
"[DEFENSE COUNSEL]: Yes, I do."
The clerk then polled the jurors individually. At some point after his outbursts, the defendant was removed from the courtroom. After the jury was discharged, the Supreme Court noted to the defense counsel:
"I want you to confer with your client and advise him that if there's any repetition of what just occurred in this courtroom, I will hold him in criminal contempt and tack on any additional time that I'm allowed to under the C.P.L. and Penal Law.
So that was a very disturbing outcry. I immediately wanted to banish him from the courtroom because I just did not think any admonition to him would calm him down at this time."
The Supreme Court entered a judgment, upon the jury verdict, convicting the defendant of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree.
I find that, contrary to the defendant's contention, the defendant forfeited his right to be present during the collective polling and individual re-polling of the jury. Therefore, I vote to affirm the judgment. A criminal defendant's right to be present at all material stages of trial is encompassed within the confrontation clauses of the Federal and State Constitutions (see US Const 6th Amend; NY Const, art I, § 6) and the New York Criminal Procedure Law (see CPL 260.20). However, "[a] defendant's right to be present during trial is not absolute" (People v Burton, 138 AD3d 882, 883 [internal quotation marks omitted]). "[A] defendant who conducts himself [or herself] in so disorderly and disruptive a manner that his [or her] trial cannot be carried on with him [or her] in the courtroom may be removed from the courtroom if, after he [or she] has been warned by the court that he [or she] will be removed if he [or she] continues such conduct, he [or she] continues to engage in such conduct" (CPL 260.20). Furthermore, the Court of Appeals has stated that "it would seem advisable that, where practicable the defendant be warned that his conduct may result in the imposition of court sanctions" (People v Palermo, 32 NY2d 222, 226, n [emphasis added]; see People v Wilkins, 33 AD3d 409, 410). Thus, where "the court [has] no practical opportunity to issue a verbal warning that [the] defendant would be removed if he continued to engage in such conduct," the defendant may be removed without such a warning (People v Wilkins, 33 AD3d at 410; see People v Hendrix, 63 AD3d 958). "Such matters as court decorum rest clearly in the sound discretion of the trial court" (People v Palermo, 32 NY2d at 226).
Here, the trial was essentially finished—the jury heard all of the witness testimony, the summations of counsel, and the instructions by the court, the jury had completed deliberations and the foreperson had announced the jury's verdict in open court with the defendant and his counsel present. It was immediately after the foreperson finished announcing the jury's verdict on all of the counts of the indictment that the defendant commenced shouting and cursing at the jury and the court. The record reflects that the defendant engaged in ongoing disruptive outbursts such that it was necessary for the court to direct the court officers five times to remove the defendant from the courtroom.
While I recognize that the defendant's outbursts occurred during a material stage of the trial and that, where practicable, a defendant should be warned that disruptive conduct may result in the imposition of court sanctions (see People v Palermo, 32 NY2d at 226), I find that the defendant forfeited his right to be present, and that the Supreme Court providently exercised its discretion in directing that he be removed from the courtroom. Under the circumstances, the defendant's conduct necessitated his immediate removal such that "the court had no practical opportunity to issue a verbal warning that [the] defendant would be removed if he continued to engage in such conduct" (People v Wilkins, 33 AD3d at 410). As the Supreme Court observed, "it appears that such a warning would have served no purpose" (People v Wilkins, 33 AD3d at 410; see People v Hendrix, 63 AD3d 958), because the defendant continued to be disruptive even as the court repeatedly directed the court officers to remove him from the courtroom.
Furthermore, the jury had already issued its verdict as to all the charges when the defendant started yelling and cursing at the jury and the court. The fact that the jury had not yet been collectively polled and defense counsel requested the option to have the jury individually re-polled after the defendant was removed for his disruptive behavior did not negate the fact that the verdict had already been announced in open court with the defendant and his counsel present.
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. Although the defendant identifies isolated flaws in trial counsel's performance, he has identified no defects so serious as to demonstrate that he did not receive a fair trial (see People v Windley, 70 AD3d 1060). Moreover, when viewing the record as a whole, the defendant received meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
Finally, I find that the defendant's remaining contentions are without merit.
Accordingly, I would affirm the judgment of conviction.
ENTER:
Aprilanne Agostino
Clerk of the Court