People v Brown (2021 NY Slip Op 01668)





People v Brown


2021 NY Slip Op 01668


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


1110 KA 17-00739

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LUTHER BROWN, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 8, 2017. The judgment convicted defendant upon a jury verdict of criminal possession of a forged instrument in the second degree (two counts), grand larceny in the third degree, grand larceny in the fourth degree, offering a false instrument for filing in the first degree, falsifying business records in the first degree, unauthorized use of a motor vehicle in the third degree and bribing a witness. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25), and one count each of grand larceny in the third degree (§ 155.35 [1]) and grand larceny in the fourth degree (§ 155.30 [8]). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence because he failed to renew his motion for a trial order of dismissal at the close of evidence (see People v Lane, 7 NY3d 888, 889 [2006]; People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). Nevertheless, we " 'necessarily review the evidence adduced as to each of the elements of the crime[s] in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Cartagena, 149 AD3d 1518, 1518 [4th Dept 2017], lv denied 29 NY3d 1124 [2017], reconsideration denied 30 NY3d 1018 [2017]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
However, we agree with defendant that Supreme Court erred in removing him from the courtroom without warning during jury selection. On the morning that jury selection was scheduled to begin, but before the prospective jurors had been brought into the courtroom, defendant began shouting, insisting that the court was calling him by the wrong name and that he could not wear the clothes provided to him. The court immediately had defendant removed from the courtroom, stating that it deemed defendant to have waived his right to be present based on his "outburst and behavior." After defendant had been removed, the court stated that defendant's "voice was raised to a level of almost deafening proportions, and it was very clear that it was imminent he was going to turn violent." Defendant was absent for the selection of the first 11 jurors, but returned to the courtroom at the next recess and did not cause any further disruption.
A defendant has a fundamental right to be present at all material stages of trial, and that right is "violated by his or her absence during the questioning of prospective jurors during the impaneling of the jury" (People v Crespo, 32 NY3d 176, 182 [2018], cert denied — US &mdash, 140 S Ct 148 [2019]; see generally People v Harris, 76 NY2d 810, 812 [1990]; People v Mehmedi, [*2]69 NY2d 759, 760 [1987], rearg denied 69 NY2d 985 [1987]). However, "[a] defendant's right to be present during trial is not absolute" (People v Joyner, 303 AD2d 421, 421 [2d Dept 2003], lv denied 100 NY2d 563 [2003]). CPL 260.20 provides, in relevant part, "that a defendant who conducts himself in so disorderly and disruptive a manner that his trial cannot be carried on with him in the courtroom may be removed from the courtroom if, after he has been warned by the court that he will be removed if he continues such conduct, he continues to engage in such conduct" (see Illinois v Allen, 397 US 337, 343 [1970]; People v Rivera, 105 AD3d 1343, 1346 [4th Dept 2013], lv denied 21 NY3d 1045 [2013]).
Here, the court erred in removing defendant from the courtroom without first warning him that he would be removed if he continued his disruptive behavior (cf. Rivera, 105 AD3d at 1346; Joyner, 303 AD2d at 421). Although the court stated that "it was imminent [defendant] was going to turn violent," there is nothing further in the record supporting that statement (cf. People v Hendrix, 63 AD3d 958, 959 [2d Dept 2009], lv denied 13 NY3d 797 [2009]; People v Wilkins, 33 AD3d 409, 410 [1st Dept 2006], lv denied 7 NY3d 905 [2006]). Indeed, there is no evidence that defendant engaged in previous disruptions or violence and any potential threat from defendant was mitigated inasmuch as defendant had been accompanied by a deputy at the counsel table that day. "[W]hile . . . defendant's conduct was clearly disruptive," based on the record in this case, we cannot conclude that it was "violent in nature" or that it " 'create[d] an emergency necessitating his immediate removal' " (People v Burton, 138 AD3d 882, 884 [2d Dept 2016]).
In light of our determination, we do not reach defendant's remaining contention.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court