■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD PAUL, Appellant.—Yesawich, Jr., J.

* While the indictment spells defendant's name as "Roundtree", it appears the correct spelling is "Rountree".

There is no basis in this record for defendant's contention that he was denied effective assistance of counsel. Furthermore, the record evidence, viewed in the light most favorable to the People *(see, People v Way,* 59 NY2d 361, 365), is legally sufficient and fully probative of his guilt beyond a reasonable doubt *(see, People v Bleakley,* 69 NY2d 490).

The only point bearing comment is defendant's assertion that he was denied a fair trial by the People's ex parte communication with County Court. It is apparently County Court's practice to allow counsel to privately bring to the court's attention issues counsel anticipate may surface during a trial, to enable the court to research these issues in advance. Consistent with this practice, but over defendant's objection, the court granted the prosecutor's request to submit an issue to the court for its consideration. Though obviously well intentioned in this instance, such ex parte contact is disfavored and should be discontinued.

It is clear, however, that defendant was not denied a fair trial. The record in this case reflects County Court's obvious impartiality and also that defendant was eventually provided a full and fair opportunity to respond to the People's arguments before the court ruled on the issue, which involved the sufficiency of the People's proof relative to the indictment *(see, Matter of Colony Sq. Co.,* 819 F2d 272, 276-277). Moreover, the ex parte discussion between the prosecutor and County Court, which was on the record, discloses that nothing prejudicial to defendant's interests transpired. Indeed, the legal issue the prosecutor apprised the court of was fully disclosed to defense counsel in ample time for defendant to act thereon, as it reflected by his subsequent motion to dismiss the People's case *(see, Simer v Rios,* 661 F2d 655, 680-681, *cert denied* 456 US 917).

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.