■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STUART E. BARTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered April 7, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The charges of which the defendant stands convicted arose as a result of the October 11, 1986 robbery of an illegal Wyandanch social club, in the course of which the stocking-masked perpetrator displayed a sawed-off shotgun. At the trial, the People were permitted to elicit extensive testimony from two witnesses regarding the theft of a shotgun from another illegal local social club on the night prior to the charged robbery, which the defendant apparently had the opportunity to commit, having been at or in the vicinity of that social club at the time. This evidence was admitted pursuant to the identity exception to the prohibition against admission of evidence of uncharged crimes *(see, People v Molineux,* 168 NY 264, 313). Neither the shotgun stolen on the night of October 10th nor the sawed-off shotgun displayed during the October 11th robbery was recovered. The defendant maintains that the People have not demonstrated either the relevance of the uncharged crimes evidence or the defendant's connection to the alleged crime and, therefore, that it was not established that the evidence was "highly probative" on the issue of identity *(People v Robinson,* 68 NY2d 541, 548). We agree.

While the identity exception to the general rule prohibiting the admission of evidence of uncharged crimes may be invoked by the People where "the identity of defendant as the perpetrator of the other crime * * * [is] established by clear and convincing evidence" *(People v Robinson, supra,* at 544-

545), it was not so established at bar. The evidence connecting the defendant to the prior theft of the shotgun, as well as the evidence which purportedly tended to establish that the sawed-off shotgun employed during the October 11th robbery was the same as the shotgun stolen the previous night, was so tenuous as to have required its exclusion *(see, People v Robinson, supra; cf., People v Mirenda,* 23 NY2d 439, 453). Indeed, the inadequacy of the uncharged crimes proof is evidenced by the extensive nature of the testimony elicited on that point, implicating the very concern of the Court of Appeals in *Robinson* that the case not become "a trial within a trial" because of the potential for jury confusion *(People v Robinson, supra,* at 550). The admission of evidence of an uncharged crime on the issue of identification on less than clear and convincing proof of identity is error requiring reversal *(see, People v Robinson, supra,* at 550; *People v Maddox,* 138 AD2d 749; *People v Donaldson,* 138 AD2d 730; *People v Wandoloski,* 128 AD2d 568).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.