■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK BURKE, Also Known as BLANCA, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted of second degree murder, on a theory of depraved indifference, for the fatal drive-by shooting of Patrick Lamar in Rochester on September 3, 1987. Lamar was standing with several friends, including Glenwood Anderson, Ronald Williams and Reginald Stamps, when the driver of a small car fired several shots at the group. The prosecutor's theory was that Anderson, not Lamar, was the intended victim and that defendant was a drug dealer who fired the shots in retaliation for Anderson's invasion of defendant's drug dealing turf.

We conclude that the prosecutor's pervasive pattern of

misconduct and the trial court's errors deprived defendant of a fair trial. Throughout the trial the prosecutor repeatedly characterized defendant as a vengeful drug dealer who operated a cocaine house in the neighborhood where the shooting occurred. There was no evidence, however, to support this conclusion. Anderson, the key prosecution witness, acknowledged that he never had any drug dealings with defendant and never saw defendant sell or possess drugs. Nevertheless, the court erroneously permitted Anderson to testify that he "knew" defendant sold cocaine and operated a coke house because others told him so (see, People v Barton, 151 AD2d 587, 588, lv denied 74 NY2d 845).

Moreover, the prosecutor in summation referred to the "fact" that defendant was a "vengeful drug dealer" and a "predatory animal" and asserted that this "fact" was the "linchpin" of the People's case. The prosecutor, also in summation, testified as an unsworn witness by informing the jury that defendant regularly delivered cocaine to the drug house and hired employees to "collect money and hand out dope." There was no evidence whatsoever to substantiate such claims. On this record, the prosecutor's relentless, speculative and unsubstantiated references to defendant's drug dealing caused defendant substantial prejudice and deprived him of a fair trial (see, People v Mott, 94 AD2d 415). Moreover, the prosecutor's failure to request, and the court's failure to conduct, a Ventimiglia hearing (see, People v Ventimiglia, 52 NY2d 350) was patently improper (see, People v Kocyla, 167 AD2d 938).

These errors cannot be deemed harmless. "The right to a fair trial is self-standing and proof of guilt, however overwhelming, can never be permitted to negate this right" (People v Crimmins, 36 NY2d 230, 238). In any event, the evidence of defendant's guilt was less than overwhelming (see, People v Johnson, 114 AD2d 210, 215). The shooting occurred at night and the incident lasted only a few seconds. Of the three witnesses who identified defendant as the driver, Williams was the only one who saw a flash, however, he could not see the driver's hand or gun; Stamps hit the ground as soon as the shots were fired; and Anderson was unsure whether he saw the driver's face before or after he saw the gun. Moreover, all three identification witnesses were friends of each other and of the victim and the credibility of Anderson and Stamps had to be evaluated in light of their criminal records. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Mur-

der, 2nd Degree.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.