■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TILLMAN, Defendant-Appellant. [691 NYS2d 212] —Judgment unanimously affirmed. Memorandum: Defendant was convicted upon a jury verdict of robbery in the first degree (Penal Law § 160.15), criminal use of a firearm in the first degree (Penal Law § 265.09) and criminal possession of a weapon in the third degree (Penal Law § 265.02). Following jury selection, the prosecutor turned over *Rosario* material to defense counsel. Even assuming, arguendo, that several of the

statements were also *Brady* material, we agree with County Court that defendant was provided with a "meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case" (*People v Cortijo,* 70 NY2d 868, 870; *see also, People v Eldridge,* 221 AD2d 966, *lv denied* 87 NY2d 1019; *People v Wilson,* 167 AD2d 946, 947, *lv denied* 77 NY2d 845). The court did not abuse its discretion in denying defendant's request for an adjournment to locate additional witnesses following the prosecutor's disclosure of the allegedly exculpatory material. Defendant failed to demonstrate that those witnesses would provide testimony that was material and favorable to the defense (*see, Matter of Anthony M.,* 63 NY2d 270, 283-284).

The court submitted to the jury as a question of fact whether defendant's girlfriend was an accomplice whose testimony required corroboration. Contrary to defendant's contention, her testimony was sufficiently corroborated by other evidence tending to connect defendant to the commission of the crimes (*see,* CPL 60.22 [1]). The credibility of the witnesses who provided corroborative testimony was for the jury to determine (*see, People v Garcia,* 232 AD2d 578, *lv denied* 89 NY2d 922). The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Defendant is not entitled to a new trial on the ground that the prosecutor provided to the media information concerning defendant's criminal record, allegedly in violation of Code of Professional Responsibility DR 7-107 (B) (1) (22 NYCRR 1200.38 [b] [1]). Although a newspaper story containing the information was printed prior to jury selection, the court eliminated any possible prejudice arising therefrom by asking potential jurors whether they had read the article, and defendant did not seek a change of venue. The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Cayuga County Court, Contiguglia, J.—Robbery, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Hurlbutt, JJ.