■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY CHANDLER, Appellant. [719 NYS2d 27] —Judgment, Supreme Court, New York County (Laura Drager, J.), rendered February 17, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years and 1 year, respectively, unanimously affirmed.

The court properly denied defendant's mistrial motion made on the ground that the People allegedly violated *Brady v Maryland* (373 US 83) by waiting until the midst of jury selection to disclose a taped statement of the buyer apprehended in this observation sale, wherein the buyer gave a description of the seller that was somewhat at variance with that of defendant. Standing alone, this hearsay statement was of no exculpatory value. At most, its value to the defense was that it suggested that the buyer might be able to provide exculpatory testimony. However, following an opportunity to hear the tape, defense counsel interviewed the buyer and decided not to call her to the stand. Accordingly, there was no *Brady* violation (*see, People v McKee,* 269 AD2d 225, *lv denied* 94 NY2d 950). While defendant claims that the disclosure was untimely because it came after he had already conceded the issue of identity during voir dire, the record fails to support that claim. On the contrary, defendant's hypothetical questions posed to prospective jurors contained no express or implied concession that defendant was the seller.

Defendant's claim that the observing officer's on-the-scene and in-court identifications should have been suppressed as the fruits of an unduly suggestive showup is unpreserved for appellate review, as well as being procedurally defective in that it is based on trial evidence, and we decline to review it in the interest of justice. Were we to review this claim, we would

find that there was a proper confirmatory identification (*see, People v Wharton*, 74 NY2d 921; *People v Rampersant*, 272 AD2d 202, *lv denied* 95 NY2d 870). Concur—Williams, J. P., Mazzarelli, Andrias, Lerner and Friedman, JJ.