THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMMY L. NIELSEN, Appellant. [889 NYS2d 343]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered January 16, 2009. The judgment convicted defendant, upon a jury verdict, of grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed and the matter is remitted to Supreme Court, Onondaga County, for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of grand larceny in the third degree (Penal Law § 155.35). Defendant failed to preserve for our review her contention that the evidence is legally insufficient to support the conviction inasmuch as her motion for a trial order of dismissal was not " 'specifically directed' at the alleged error[s]" asserted on appeal (*People v Gray*, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We reject the contention of defendant that she was denied a fair trial based on the failure of the People to dis-

close prior to trial that they had made assurances to one of their witnesses that he would not be prosecuted for tax evasion. Even assuming, arguendo, that those assurances constituted *Brady* material, we agree with Supreme Court that defendant was "given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during [her] case," and thus reversal is not required (*People v Cortijo*, 70 NY2d 868, 870 [1987]; *see People v Tillman*, 261 AD2d 854 [1999], *lv denied* 93 NY2d 980 [1999]). The court properly denied defendant's motion to dismiss the indictment based upon the alleged insufficiency of the prosecutor's opening statement. "The prosecutor stated the nature of the charge[ ] and the facts that he expected to prove in support of them[,] and thus his opening statement was adequate" (*People v Dennee*, 291 AD2d 888, 888 [2002], *lv denied* 98 NY2d 650 [2002]; *see generally People v Kurtz*, 51 NY2d 380, 384 [1980], *cert denied* 451 US 911 [1981]). The record does not support defendant's contention that the court improperly assumed the function or appearance of an advocate during the trial (*see People v Wager*, 19 AD3d 263 [2005], *lv denied* 5 NY3d 811 [2005]). Finally, the incarceration portion of the sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.