# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**203**

**KA 08-01758**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

STEVEN RIVERA, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered June 26, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [3]), and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant failed to preserve for our review his contention that he was deprived of his constitutional right of confrontation by County Court's limitation of his cross-examination of a prosecution witness with respect to the witness's mental health (*see People v Bryant*, 93 AD3d 1344, 1344-1345; *People v Bernardez*, 63 AD3d 1174, 1175, *lv denied* 13 NY3d 794; *see generally People v Angelo*, 88 NY2d 217, 222). In any event, that contention, as well as defendant's further contention that the court abused its discretion in precluding further cross-examination about the witness's mental health, is without merit. "It is well settled that '[a]n accused's right to cross-examine witnesses . . . is not absolute' . . . [and that t]he trial court has discretion to determine the scope of the cross-examination of a witness" (*People v Corby*, 6 NY3d 231, 234, quoting *People v Williams*, 81 NY2d 303, 313; *see People v Lester*, 83 AD3d 1578, 1578, *lv denied* 17 NY3d 818; *People v Francisco*, 44 AD3d 870, 870, *lv denied* 9 NY3d 1033). Thus, trial courts "retain wide latitude . . . to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is

repetitive or only marginally relevant" (*Delaware v Van Arsdall*, 475 US 673, 679; *see Francisco*, 44 AD3d at 870).  A defendant may question a witness about his or her mental health or psychiatric history upon a showing that the witness's "capacity to perceive and recall events was impaired by a psychiatric condition" (*People v Gaffney*, 30 AD3d 1096, 1096, *lv denied* 7 NY3d 789; *see People v Baranek*, 287 AD2d 74, 78) or that "such evidence would bear upon [the witness's] credibility or otherwise be relevant" (*People v Middlebrooks*, 300 AD2d 1142, 1143, *lv denied* 99 NY2d 630 [internal quotation marks omitted]; *see People v Byers*, 254 AD2d 494, 494, *lv denied* 93 NY2d 1043; *People v Knowell*, 94 AD2d 255, 260-261).  Here, we conclude that defendant failed to make the requisite showing that the witness in fact had a history of mental illness or that such evidence would bear upon her capacity to perceive or recall the events at issue (*see Middlebrooks*, 300 AD2d at 1143; *Byers*, 254 AD2d at 494; *Knowell*, 94 AD2d at 261).  Defense counsel's statement that the witness was "suffering from or being treated for some variety of mental health issue" was speculative inasmuch as it was based upon the assertions that "everyone" was aware that the witness was taking unspecified "mental health medications" and that the witness reportedly had visited a mobile "mental health unit" some three months after the events at issue.  Thus, that statement was insufficient to warrant further cross-examination regarding the witness's mental condition (*see People v Brown*, 24 AD3d 884, 887, *lv denied* 6 NY3d 832; *cf. Baranek*, 287 AD2d at 78-79; *People v Knowell*, 127 AD2d 794, 794).

We reject the further contention of defendant that the People committed a *Brady* violation by failing to disclose the identity of two witnesses in a timely manner.  "To establish a *Brady* violation, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (*People v Fuentes*, 12 NY3d 259, 263, *rearg denied* 13 NY3d 766).  We conclude that the evidence at issue is not exculpatory in nature and thus does not constitute *Brady* material (*see generally People v King*, 79 AD2d 992, 993).  Defendant sought the identity of and contact information for two witnesses named in a police report.  According to the police report, the relevant witnesses said that they observed a group of five or six Hispanic males shooting at the victim.  They described one of the suspects as "young" and another of the suspects as a thin Hispanic male with a "poof hairstyle pulled back."  Even assuming, arguendo, that those descriptions are inconsistent with defendant's physical appearance, we note that the witnesses were unable to describe the remaining members of the group, and the witnesses' descriptions therefore did not exclude defendant as a perpetrator (*see People v Chin*, 67 NY2d 22, 33; *People v Alvarez*, 44 AD3d 562, 563-564, *lv denied* 9 NY3d 1030; *People v La Bombard*, 99 AD2d 851, 852-853; *cf. People v Daly*, 57 AD3d 914, 915-917, *affd* 14 NY3d 848).  Moreover, we conclude that defendant was afforded "a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case" (*People v Cortijo*, 70 NY2d 868, 870), but he failed to do so (*see People v Chandler*, 279 AD2d

262, 262, *lv denied* 96 NY2d 781; *see generally People v Nielsen*, 67 AD3d 1440, 1440-1441).

Contrary to defendant's further contention, we conclude that the court did not abuse its discretion in removing him from the courtroom during the prosecutor's summation. Although a criminal defendant has a constitutional right to be present at his or her trial, a defendant may forfeit that right by engaging in disruptive behavior (*see People v Parker*, 92 AD3d 807, 807, *lv denied* 19 NY3d 966; *People v Sanchez*, 7 AD3d 645, 646, *lv denied* 3 NY3d 681; *People v Jackson*, 262 AD2d 1031, 1032, *lv denied* 94 NY2d 881). Thus, a defendant "may be removed from the courtroom if, after being warned by the trial court, the disruptive conduct continues" (*People v Joyner*, 303 AD2d 421, 421, *lv denied* 100 NY2d 563; *see* CPL 260.20), and that is the case here (*see Parker*, 92 AD3d at 807; *Jackson*, 262 AD2d at 1032; *see also People v Mercer*, 66 AD3d 1368, 1369, *lv denied* 13 NY3d 940).

Finally, we reject defendant's contention that he was entitled to an adverse inference charge on the ground that the police failed to record his interrogation (*see People v McMillon*, 77 AD3d 1375, 1375, *lv denied* 16 NY3d 897; *People v Holloway*, 71 AD3d 1486, 1487, *lv denied* 15 NY3d 774; *People v Hammons*, 68 AD3d 1800, 1801, *lv denied* 14 NY3d 801).

Entered:  April 26, 2013                          Frances E. Cafarell
                                                  Clerk of the Court