# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1185**
**KA 13-01078**
PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

AYIESHA HORTON, ALSO KNOWN AS AYISHA HORTON,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, HARTER SECREST & EMERY
LLP (JOHN P. BRINGEWATT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M.
Argento, J.), rendered April 4, 2013. The judgment convicted
defendant, upon a jury verdict, of criminal possession of a weapon in
the second degree (two counts) and criminal possession of a weapon in
the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed as a matter of discretion in the interest of
justice and on the law and a new trial is granted on counts one
through three of the indictment.

Memorandum: Defendant appeals from a judgment convicting her
upon a jury verdict of two counts of criminal possession of a weapon
in the second degree (Penal Law § 265.03 [1] [b]; [3]), and one count
of criminal possession of a weapon in the third degree (§ 265.02 [1]).
Defendant was convicted primarily upon the testimony of the
complainant to the effect that defendant brought a gun to the
complainant's apartment and that the gun discharged during a verbal
confrontation and subsequent struggle between the two for the weapon.
On the other hand, the primary theory of the defense was that the gun
belonged to the complainant, who pointed it at defendant during an
argument that began over defendant's refusal to engage in an
additional illegal transaction with the complainant involving the
complainant's "[p]ublic benefit card" (§ 155.00 [7-b]). According to
the defense theory, that additional transaction would have generated
cash for the complainant's purchase of crack cocaine, and the
complainant became angry, hostile, and aggressive as a result of
defendant's refusal.

We agree with defendant that County Court abused its discretion
in precluding defendant from adducing evidence or cross-examining the

complainant with respect to the complainant's alleged history of engaging in other unlawful transactions involving her public benefit card (*see* Penal Law § 158.30 [1], [3]), and of illegal drug use. "A court's discretion in evidentiary rulings is circumscribed by the rules of evidence and the defendant's constitutional right to present a defense" (*People v Carroll*, 95 NY2d 375, 385). "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations" (*Chambers v Mississippi*, 410 US 284, 294). It is also well settled that in presenting the defense, counsel for the defendant "may establish, during both cross[-]examination and on its direct case, the victim's . . . hostility . . . or motive to lie . . . This is not a collateral inquiry, but is directly probative on the issue of credibility" (*People v Taylor*, 40 AD3d 782, 784, *lv denied* 9 NY3d 927).

Here, we conclude that defendant was improperly precluded from establishing that the complainant was engaged in a criminal enterprise and regularly purchased crack cocaine—therefore having good reason to possess a gun as compared to defendant. More importantly, that evidence, if credited by the jury, would demonstrate that the complainant had every reason to fabricate the story that the gun belonged to defendant and not her (*see People v Nelu*, 157 AD2d 864, 864). In addition, we conclude that the proffered evidence was admissible to complete the narrative of events, i.e., to provide background information as to how and why the complainant allegedly confronted defendant, and to explain the aggressive nature of the confrontation (*see generally People v Morris*, 21 NY3d 588, 595; *People v Tosca*, 98 NY2d 660, 661). Applying those principles here, we conclude that defendant was denied her constitutional right to present a defense (*see People v Bradley*, 99 AD3d 934, 936). We further conclude that, in light of the fact that the evidence of defendant's guilt was not overwhelming, "there is no occasion for consideration of any doctrine of harmless error" (*People v Crimmins*, 36 NY2d 230, 241).

Defendant failed to preserve for our review her contention that she was denied a fair trial by the testimony of prosecution witnesses, the cross-examination of defendant by the prosecutor, and the prosecutor's comments during summation, all of which concerned the alleged failure of defendant to voluntarily turn herself in to the police after the police had prepared a "wanted package" and undertook efforts to locate her. We nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we conclude that the prosecutor's handling of that subject was extremely prejudicial and deprived defendant of a fair trial, thereby requiring reversal (*see People v Pressley*, 93 AD2d 665, 670). It is beyond cavil that a defendant "is under no greater an obligation to incriminate [her]self by voluntarily contacting the police than [s]he is by declining to make statements when confronted by law enforcement officials" (*id.* at 669; *see People v Sandy*, 115 AD2d 27, 30-31). We reject defendant's contention, however, to the extent that it is based upon the alleged violation of her rights under the Fifth or Fourteenth Amendments (*see Jenkins v Anderson*, 447 US 231, 238-241).

Defendant also failed to preserve for our review her contention that the court erred in permitting the prosecutor to elicit testimony from a witness that defendant was a "drug dealer."  Nevertheless, we further exercise our power to reach that contention as a matter of discretion in the interest of justice, and we conclude that the testimony caused defendant substantial prejudice and deprived her of a fair trial, thereby requiring reversal (*see People v Clark*, 195 AD2d 988, 990; *People v Burke*, 170 AD2d 1021, 1022, *lv denied* 77 NY2d 959).

Lastly, we agree with defendant that the cumulative effect of the above errors deprived her of a fair trial, thereby requiring reversal (*see generally People v Shanis*, 36 NY2d 697, 699; *People v McCann*, 90 AD2d 554, 555).