People v Tripp (2018 NY Slip Op 04011)





People v Tripp


2018 NY Slip Op 04011


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2014-10200
 (Ind. No. 1237/11)

[*1]The People of the State of New York, respondent,
v
Stephen Tripp, appellant.


Seymour W. James, Jr., New York, NY (Allen Fallek of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Jill A. Gross-Marks, Joseph N. Ferdenzi, and Roni C. Piplani of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael B. Aloise, J.), rendered October 17, 2014, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (James P. Griffin, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
The defendant was arrested after the complainant identified him as one of two individuals who robbed the complainant of his cell phone. Elliot Hankerson, whom the complainant identified as the other perpetrator, and the defendant were tried jointly. The jury found Hankerson guilty of robbery in the first and second degrees and the defendant guilty of robbery in the second degree. Hankerson appealed, and this Court affirmed the judgment of conviction (see People v Hankerson, 149 AD3d 778). The defendant appeals.
The defendant's contention that the evidence adduced by the People was legally insufficient to establish his identity as one of the perpetrators who robbed the complainant of his cell phone is preserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). However, the contention is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as one of the perpetrators. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless afford great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant further contends that the People's delay in disclosing the complainant's cell phone record for the period following the robbery violated the defendant's right to a fair trial [*2]under Brady v Maryland (373 US 83), and that the Supreme Court should have given an adverse inference charge based on the People's delayed disclosure of the record. This contention is without merit. A defendant's constitutional right to a fair trial is not violated when he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case (see People v Cortijo, 70 NY2d 868, 870). Here, assuming the subject record constituted Brady material, it was turned over during the People's case-in-chief, and defense counsel made use of it during cross-examination of a testifying detective. Moreover, defense counsel did not seek to recall any prosecution witness who had already testified for the purpose of conducting further cross-examination based on the contents of the complainant's cell phone record. Accordingly, the the defendant was afforded a meaningful opportunity to make use of the record at trial (see People v Rivera, 105 AD3d 1343, 1345-1346), and the court did not err in failing to give an adverse inference instruction with regard to it.
The defendant's contentions, raised in his pro se supplemental brief, regarding an alleged failure to preserve and disclose certain surveillance videos are unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. The defendant's challenges to identification evidence, raised in his pro se supplemental brief, are without merit.
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court