People v Fleming
2026 NY Slip Op 04073
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEITH FLEMING, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
342 KA 23-01769
Present: Whalen, P.J., Curran, Ogden, Nowak, And Delconte, JJ.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (AARON FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (GRAZINA HARPER OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered April 18, 2023. The judgment convicted defendant upon a jury verdict of assault in the second degree, aggravated criminal contempt, and criminal contempt in the first degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), aggravated criminal contempt (§ 215.52 [1]), and criminal contempt in the first degree (§ 215.51 [b] [v]), arising out of an incident where he allegedly, among other things, stabbed his ex-girlfriend (complainant) in the stomach with a knife. We affirm.
Defendant contends that County Court erred in discharging a deaf sworn juror during voir dire after it ascertained that a certified interpreter would not be available for the duration of the trial. That contention, inasmuch as it is predicated upon alleged violations of, inter alia, CPL 270.15 (3), is unpreserved for our review because defendant did not rely on those specific provisions in opposing the court's discharge of the sworn juror here (see People v Wells, 15 NY3d 927, 928 [2010], cert denied 565 US 828 [2011]; People v Thomas, 169 AD3d 1255, 1256 [3d Dept 2019], lv denied 33 NY3d 1036 [2019]). Contrary to defendant's further contention, the court's alleged violation of CPL 270.15 does not fall within the " 'very narrow exception' " to the preservation rule of a mode of proceedings error (People v Mack, 27 NY3d 534, 540 [2016], rearg denied 28 NY3d 944 [2016]; see People v Szurgot, 239 AD3d 1444, 1445 [4th Dept 2025], lv denied 44 NY3d 1013 [2025]).
In any event, we conclude that defendant's contention is without merit. CPL 270.15 (3) provides that "[i]f before twelve jurors are sworn, a juror already sworn becomes unable to serve by reason of illness or other incapacity, the court must discharge" that juror. We review the court's decision to discharge a sworn juror for abuse of discretion (see People v White, 228 AD3d 889, 890 [2d Dept 2024], lv denied 42 NY3d 1022 [2024]). Discharge of a juror for incapacity is proper where it "emanate[s] from the trial court's concern that the juror would be incapable of [performing the] essential prerequisite[s] of proper jury service" (Wells, 15 NY3d at 928; see People v Knowles, 79 AD3d 16, 23-24 [3d Dept 2010], lv denied 16 NY3d 896 [2011]; see generally People v Wilson, 106 AD2d 146, 151 [4th Dept 1985]).
Here, we conclude that the court did not abuse its discretion in dismissing the sworn juror in question. The juror was incapable of fulfilling the duties of a juror inasmuch as he would miss trial testimony due to the absence of an interpreter for the duration of the trial (see Wells, 15 NY3d at 928). Moreover, the reason that the juror could not fulfill his duties was outside of his [*2]control—i.e., the lack of any interpreter services that would be available for the duration of the trial (see White, 228 AD3d at 890; Knowles, 79 AD3d at 23-24; cf. Wilson, 106 AD2d at 151).
Defendant also contends that the court erred in limiting his cross-examination of the complainant at trial with respect to a response that she purportedly posted on Facebook several months after the alleged crime, which expressed hostility toward defendant. To the extent that defendant contends that the court's decision to prohibit any cross-examination about the Facebook post violated his constitutional right to present a defense, that contention is not preserved for our review inasmuch as he did not object to the court's ruling on that constitutional basis at trial (see People v Lane, 7 NY3d 888, 889 [2006]; People v Harris, 229 AD3d 1055, 1056 [4th Dept 2024], lv denied 42 NY3d 971 [2024]; People v Jones, 193 AD3d 1410, 1412 [4th Dept 2021], lv denied 37 NY3d 972 [2021]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
To the extent that defendant contends that the court erred in limiting his cross-examination as a matter of evidence law, which is preserved for our review (see CPL 470.05 [2]), we conclude that his contention is without merit. "It is well settled that '[a]n accused's right to cross-examine witnesses . . . is not absolute' . . . [and that] [t]he trial court has discretion to determine the scope of the cross-examination of a witness" (People v Corby, 6 NY3d 231, 234 [2005]; see People v Rivera, 105 AD3d 1343, 1344 [4th Dept 2013], lv denied 21 NY3d 1045 [2013]). Consequently, "trial courts retain wide latitude . . . to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant" (Rivera, 105 AD3d at 1344 [internal quotation marks omitted]; see People v Lester, 83 AD3d 1578, 1578 [4th Dept 2011], lv denied 17 NY3d 818 [2011]).
It is well settled that, in presenting the defense, counsel for the defendant "may establish, during both cross[-]examination and
. . . its direct case, the victim's . . . hostility . . . or motive to lie . . . This is not a collateral inquiry, but is directly probative on the issue of credibility" (People v Taylor, 40 AD3d 782, 784 [2d Dept 2007], lv denied 9 NY3d 927 [2007]; see People v Horton, 145 AD3d 1575, 1576 [4th Dept 2016]). Here, however, we conclude that the court did not abuse its discretion in limiting defendant's cross-examination of the complainant with respect to the Facebook post. Although the complainant's hostility toward defendant was central to his defense, inasmuch as it provided a basis to assert that she falsely accused him of stabbing her, we conclude that defendant did not establish that there was a reasonable basis in fact to support his proposed questioning of the complainant about the Facebook post (see People v Carrier, 270 AD2d 800, 801 [4th Dept 2000], lv denied 95 NY2d 864 [2000]). Although the post was certainly derogatory toward defendant, it did not clearly establish the complainant's motive to lie or fabricate, particularly inasmuch as the post was made several months after the complainant first accused defendant of the crime (cf. People v Sampel, 16 AD3d 1023, 1024 [4th Dept 2005]). Furthermore, we note that the court permitted defendant to cross-examine the complainant about the tumultuous nature of her relationship with defendant, which included instances where she acted violently toward him, as well as about her criminal history (see People v Little, 23 AD3d 1117, 1118 [4th Dept 2005], lv denied 6 NY3d 777 [2006]). Given that the court permitted defendant to cross-examine the complainant about incidents that revealed her hostility toward defendant or called into question her honesty, we cannot say that it was an abuse of discretion for the court to preclude cross-examination about the Facebook post at issue here.
Finally, we have reviewed defendant's remaining contention and conclude that it does not warrant reversal or modification of the judgment.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court